```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

NICOLE BARKER,                    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )  C.A. No. 04-11826-REK
                                  )
SALEM, MASS, ESSEX                )
COUNTY COMMONWEALTH OF            )
MASSACHUSETTS 01970               )
                                  )
          Defendant.              )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff shall demonstrate good cause, in writing why this action should not be dismissed.

FACTS

On August 16, 2004, Nicole Barker, a resident of Salem, Massachusetts, commenced this action by filing an application to proceed without prepayment of fees and a one-page complaint with four-pages of exhibits. Barker states that this is an "assault, libel and slander" action under 28 U.S.C. § 1332, and that on June 17, 2004, she filed a civil action in Essex County Superior Court that was "cancelled." Compl. p. 1. The exhibits to the complaint consist of pleadings that Barker apparently filed in that court. Barker has also submitted nine pages of handwritten materials containing a request for a search warrant and naming several persons that she alternately accuses of raping her, stalking, and harassing

her.  See Docket No. 3.

## ANALYSIS

### I. The Court May Screen This Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915.  See 28 U.S.C. § 1915.

Under Section 1915, a district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).  In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  Here, plaintiff's claims lack an arguable basis in law because this Court lacks subject-matter jurisdiction over them.  Mack v. Massachusetts, 204 F. Supp.2d 163, 166 (D. Mass. 2002) (dismissing for lack of subject matter jurisdiction).

A.   <u>Eleventh Amendment Immunity</u>

The caption of plaintiff's complaint lists "Salem, Mass, Essex County Commonwealth of Massachusetts" as the defendant.  The exhibits to her complaint are pleadings from the Essex County Court.  To the extent that Barker seeks to name the Essex County Court or the Commonwealth as a defendant, Eleventh Amendment immunity bars her claims.  <u>Alabama v. Pugh</u>, 438 U.S. 781, 781 (1978) (per curiam) (11th Amendment generally is recognized as a bar to suits against a State, its departments and agencies unless the State has consented to suit).  Unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, ... a State cannot be sued directly in its own name regardless of the relief sought."  <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n. 14 (1985) (citing Pugh); <u>cf.</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of § 1983); <u>Brown v. Newberger</u>, 291 F.3d 89, 92 (1st Cir. 2002) (stating that there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment immunity); <u>Oliver v. Superior Court of Plymouth County</u>, 799 F.Supp. 1273, 1273-1274 (D. Mass.1992) (state court is state entity for purposes of Eleventh Amendment).

Thus, the Eleventh Amendment bars plaintiff's claims to the extent that she is naming the Commonwealth or the Essex County court as defendants.  See <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf &</u>

Eddy, Inc., 506 U.S. 139, 142-144 (1993) (11th Amendment operates as a withdrawal of jurisdiction); cf. Mass. Gen. Laws. ch. 258, § 10(c) (Massachusetts Tort Claims Act excludes claims of assault, slander, and libel).

    B.  Diversity Jurisdiction

To the extent that Barker brings her claims of "assault, libel, and slander" against the City of Salem or Essex County, this Court also lacks diversity jurisdiction over her claims.[1] District courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). However, diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

Here, diversity of citizenship does not exist. The City of Salem and Essex County, as political subdivisions of the Commonwealth, are considered citizens of Massachusetts and thus diversity of citizenship between these entities and plaintiff does

---

[1] Barker does not refer to any federal statute for purposes of federal question jurisdiction. 28 U.S.C. § 1331; Vigueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998) ("federal question" cases are civil actions "arising under the Constitution, laws, or treaties of the United States"); see City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 163 (1997) (a claim arises under federal law within the meaning of § 1331 if a federal cause of action emerges from the face of a well-pleaded complaint).

not exist.  <u>Illinois v. City of Milwaukee</u>, 406 U.S. 91, 97 (1972); <u>cf.</u> <u>Moor v. Alameda</u>, 411 U.S. 693, 717 (1973) (stating that there is no question that a State is <u>not</u> a citizen for purposes of diversity jurisdiction).  Because the citizenship of plaintiff and the defendant are not diverse, diversity jurisdiction under Section 1332 does not exist and plaintiff's claims against these entities are subject to dismissal.  <u>Northeast Federal Credit Union v. Neves</u>, 837 F.2d 531, 533 (1st Cir. 1988) (vacating and directing district court to dismiss, no diversity jurisdiction existed); <u>Paparella v. Idreco Invest.</u>, 858 F. Supp. 283, 284 (D. Mass. 1994) (dismissing).

## CONCLUSION

ACCORDINGLY, plaintiff shall demonstrate good cause, in writing, why this action should not be dismissed within thirty-five (35) days of the date of this Memorandum and Order, for the reasons stated above, or this action will be dismissed without further notice.

Dated at Boston, Massachusetts, this <u>8th</u> day of <u>September  </u>, 2004.

<u>s/ Robert E. Keeton         </u>
ROBERT E. KEETON
SENIOR UNITED STATES DISTRICT JUDGE